UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIANNA BENNINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>OTTO CLIPS COMPANY, dba GREAT CLIPS, LORRAINE STOCKBERGER, individually, and GEORGE STOCKBERGER, individually,<br><br>    Defendants. | Civil Action No.:<br><br>COLLECTIVE ACTION COMPLAINT<br><br>**Jury Trial Demanded** |

Plaintiff BRIANNA BENNINGTON ("Bennington" or "Plaintiff") on behalf of herself and all others similarly situated, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, OTTO CLIPS COMPANY, dba GREAT CLIPS, and all other affiliated entities and/or joint employers ("OTTO"), LORRAINE STOCKBERGER, individually, and GEORGE STOCKBERGER, individually, (collectively "Great Clips") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – who suffered damages as a result of Defendants'

1

violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately 2017, and continuing to date, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of herself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, wages, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt stylist duties for the Defendants based from three of Defendants' salons located in Burlington County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage several hair salons in Burlington County, New

Jersey. Defendants' businesses purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Brianna Bennington is an adult individual who is a resident of Burlington County, New Jersey.

11. Plaintiff Bennington was employed by Defendants full time as a stylist performing duties in furtherance of Defendants' salon business, from in or about approximately 2017, and continuing to date.

**Corporate Defendants**

12. OTTO is a New Jersey limited liability company, with its main business address listed as 417 Stokes Road, Medford, NJ 08055.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

**Individual Defendants**

14. Upon information and belief, the individual Defendants are New Jersey state residents.

15. Upon information and belief, at all times relevant to this Complaint, the individual Defendants have been owners, partners, officers and/or managers of the Defendant OTTO.

16. Upon information and belief, at all times relevant to this Complaint, the individual

Defendants have had power over personnel decisions at the Defendant OTTO's business.

17. The individual Defendants were regularly present at Defendants' locations and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any

given week pursuant to 29 U.S.C. § 207.

24. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurant.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

27. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately 2017, and continuing to date, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their salon business, including but not limited to, washing hair, cutting and styling hair, and as well as cleaning and maintenance of the salons.

28. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

29. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

30. Plaintiff Bennington was generally paid straight time for overtime hours.

31. Plaintiff Bennington routinely worked six (6) to seven (7) days per week.

32. Plaintiff Bennington worked approximately forty (40) to forty-five (45) hours per

workweek.

33. Plaintiff rarely worked less than forty (40) hours in a workweek.

34. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid her straight time.

35. Plaintiff was rarely paid time and one half for her hours worked over forty (40) in a workweek.

36. Upon information and belief, employees similarly situated to Plaintiff were also only compensated straight time for all hour worked, regardless of the fact that they worked in excess of forty (40) hours in a workweek.

37. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

38. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

39. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

41. Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

42. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

43. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

44. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

45. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

47. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

48. Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

49. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

50. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL.

Dated: February 11, 2019            Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New
Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308